PER CURIAM.
Appellees are attorneys who brought suit against appellant Dowd to recover legal fees. Appellant counter-claimed alleging malpractice on the grounds that appellees failed to take timely action to set aside an order of contempt which resulted in his arrest. The order of contempt was issued for failure to appear for deposition in aid of execution on a judgment. Appellant had satisfied the judgment shortly after the order was entered.
It is undisputed that present counsel for appellant was also his attorney when the order of contempt issued on October 11, 1977 and that appellees became counsel for Dr. Dowd on March 20, 1978. On April 10, 1978, some three (3) weeks prior to Dr. Dowd being arrested and confined, appel-lees learned of the contempt order.
We find that the depositions of another attorney and the judge who entered the contempt order — and who was no longer a judge at the time of deposition — raise material issues of fact as to whether any actions of appellees caused damage to appellant so as to preclude entry of final summary judgment. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Fla.R.Civ.P. 1.510.
Reversed and remanded.